[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
This is an action for dissolution of marriage and other relief brought to the Judicial District of New Haven.
Many of the facts that give rise to this action are not in dispute. The plaintiff and the defendant whose maiden name is Madoria Bess Bentley were married at New Haven, Connecticut on June 30, 1962. The plaintiff has resided continuously in the state of Connecticut for at least 12 months immediately prior to the date the complaint was filed. Although disputed, the court finds that the marriage between the parties has broken down irretrievably with no reasonable prospects of reconciliation. There are no minor children issue of this marriage, although there are two adult children issue of this marriage. The defendant does not have any minor children. Neither party has received state assistance.
The parties are in dispute as to the cause of the breakdown of the marriage. From the evidence presented the court finds that CT Page 4416 the plaintiff is solely at fault for the breakdown of the marriage.
The plaintiff was born on April 25, 1936. The plaintiff has a Masters Degree and an Honorary Doctors Degree. He is diabetic.
The plaintiff decided to retire in 1995 for health reasons. The defendant did not wish to continue to live in Connecticut and wanted the plaintiff to move to South Carolina.
The plaintiff transferred his interest in Enterprise Plumbing and Heating, Inc. by an agreement dated December 30, 1996. The total buyout price was $500,000. The total payments received including interest was $511,597.13. The plaintiff has accounted for all of the funds that were received.
The plaintiff's financial affidavit dated March 25, 1999 shows gross weekly income of $264 and net weekly income of $204 That is income that he receives from social security. Defendant exhibit #13 shows that the amount of social security benefits received by the plaintiff effective August 1998 is $1,053 monthly. The $264 shown on his financial affidavit approximately represents $1,053 divided by 4. His gross weekly social security income is approximately $245. He also shows an IRA rollover with gross weekly income of $450 and net weekly income of $350 as well as a Mass. Mutual IRA with gross weekly income of $575 and net weekly income of $450 The two IRA sources of income are a result of his having a Fidelity IRA rollover with a fair market value of $178,473 and a Mass. Mutual IRA with a fair market value of $246,193. He has entered into an agreement with each of those plans to have paid to him from income and/or principal the weekly amounts shown on his financial affidavit. He also owns a family home with the defendant located 432 Norton Street in New Haven, Connecticut with a fair market value of $150,000, a mortgage of $73,000 and an equity of $77,000. He owns a 1994 Lincoln with fair market value of $9,000. He has miscellaneous checking and savings accounts with total value of $2,595. He also has a American Skandia Annuity account with a value of $97,934. The Fidelity rollover retirement account shown on his affidavit under the category of stocks, bonds and mutual funds should be under the category of deferred compensation plans. He has health insurance through the Connecticut Pipe Trades Health Fund Local 711. The cost to maintain COBRA benefits for the defendant under that insurance after the dissolution is $200 monthly. CT Page 4417
The plaintiff's liabilities consist of a Visa loan with a balance of $1,556, a Filene's balance of $50 and a loan from CA Howard with a balance of $5,000.
In 1997 the plaintiff was the owner of US Air stock with a value of $4,738 which is now unable to locate.
The defendant was born on March 25, 1942. The defendant has attendant college for two years. She has done work as a title examiner from approximately 1962 to 1979.
The defendant is presently attending college at the University of South Carolina and expects to obtain her degree in January of 2000.
The defendant is presently unemployed. The defendant's financial dated March 25, 1999 shows that she has credit cards with a balance of $5,000, a furniture loan with a balance of $1,200, a bank loan with a balance of $7,000 and a car loan with a balance of $17,000. The defendant has accounted for all of the funds that she received from the plaintiff. She owns property that is currently in her name alone located at 213 Crickentree Drive, Blythewood, South Carolina with total value of $267,000 and no mortgage. The property was purchased on June 30, 1994 for a total contract price of $243,000. It was financed in part with a mortgage of $192,800. That mortgage was paid off in full in December of 1997 by using some of the proceeds that the plaintiff received from the sale of his interest in Enterprise Plumbing and Heating Inc. She also owns a time share jointly with the plaintiff at Ft. Lauderdale, Florida with a total value of $10,000. She owns a 1987 Mercedes with a value of $3,500 and no loan balance and a 1998 Lexus with a total value of $34,000 and a loan balance of $17,000 for a net equity of $17,000. The plaintiff had sent to the defendant $29,000 less taxes after the dissolution action commenced. The defendant used $17,000 of that towards the down payment of the automobile that she owns. The plaintiff also sends the defendant $13,000 in September of 1998. She owns various diamonds with a value of $3,000 and art with a value of $10,000. Her bank account has a balance of $500. She has a Mass. Mutual annuity with a value of $5,021.00.
The parties are in dispute regarding various items of personal property.
This court has considered § 46b-82 regarding the issue of CT Page 4418 alimony and has considered the provision of § 46b-81(c) regarding the issue of property orders and has considered the provision on46b-62 regarding attorney's fees. The court enters the following orders
A. By way of dissolution of marriage:
 1. The marriage between the parties is dissolved and each party is declared to be single and unmarried.
B. By way of attorney's fees:
 1. No attorney's fees are awarded in favor of either party
C. By way of alimony:
 The plaintiff is to pay to the defendant 1/2 of his total gross social security income commencing May 1, 1999 and on the first day of each month thereafter. In the event the social security payments received by the plaintiff increase then he is to automatically pay 1/2 of such increase to the defendant.
 2. Alimony is to terminate upon the death of either party or the defendant's remarriage.
3. The provision of § 46b-86(a) are applicable.
 4. The provision of § 46b-86(b) are not applicable. Alimony is not to terminate or to be modified or suspended in the event of the defendant's cohabitation regardless of whether the cohabitation is statutory cohabitation or common law cohabitation.
 5. The court finds that the arrearage on the pendente lite orders as of March 29, 1999 is $475. That arrearage is to be paid in full by May 28, 1999. The pendente lite orders are to remain in effect until the date this decision is filed.
6. The plaintiff is to cooperate in making COBRA benefits available to the defendant. He is to pay the monthly costs for such benefits for 12 months following the date this decision is filed. Thereafter the cost is CT Page 4419 to be paid by the defendant.
D. By way of property orders:
 1. The plaintiff is to pay all liabilities shown on his financial affidavit and hold the defendant harmless.
 2. The defendant is to pay all liabilities shown on her financial affidavit and hold the plaintiff harmless.
 3. The Bank of New Haven, Fleet Bank and Provident Bank shown on the plaintiff's financial affidavit are awarded to the plaintiff.
 4. The bank checking account shown on the defendant's financial affidavit is awarded to the defendant.
 5. The time share located in Florida is awarded to the plaintiff. The defendant is to execute and to deliver to the office of the plaintiff's attorney by May 28, 1999 all documents, if any, necessary to transfer her interest to the plaintiff in the time share.
 6. The property located in Blythewood, South Carolina is awarded to the defendant.
 7. The property located at 432 Norton Parkway, New Haven, Connecticut is awarded to the plaintiff. The defendant is to execute and deliver a quit claim deed to that property to the plaintiff's attorney by May 28, 1999. The plaintiff is to hold the defendant harmless regarding the first mortgage.
 8. The 1987 Mercedes and 1998 Lexus shown of the defendant's financial affidavit are awarded to the defendant.
 9. The 1994 Lincoln shown on the plaintiff's financial affidavit is awarded to the plaintiff.
 10. All miscellaneous furniture and clothing in the plaintiff's possession are awarded to the plaintiff.
11. The plaintiff is to arrange at his expense to have shipped to the defendant all religious literature and/or books presently at the family residence in New Haven, Connecticut by May 28, 1999 unless prior to that date the CT Page 4420 defendant arranges to take possession of those items.
 12. The defendant is to arrange to have shipped to the plaintiff three of the major artworks that are located at her residence in South Carolina. She can elect which three are to be sent to the plaintiff. She is to arrange to have them packed by a local art dealer near her residence. The plaintiff is solely responsible for the cost of packing, shipping and insuring of the art work. This is to be completed by May 28, 1999. In addition the defendant is to arrange to have sent to the plaintiff the plaintiff's golf clubs that are at her home in South Carolina at her expense by May 28, 1999. All remaining items of furniture and furnishings and clothing at the defendant's South Carolina residence are awarded to the defendant.
 13. The court awards to the defendant one half of the Fidelity Rollover retirement account shown on the plaintiff's financial affidavit and one half of the Mass. Mutual IRA shown on the plaintiff's financial affidavit based on their value as of the date this decision is filed. Both to be transferred by QDRO. Counsel for the defendant is responsible for preparing the necessary documents. The court retains jurisdiction over any dispute that may arise involving the documents.
 14. The American Skandia annuity shown on the plaintiff's financial affidavit is awarded to the plaintiff.
 15. The Mass. Mutual Annuity shown on the defendant's financial affidavit is awarded to the defendant.
 16. The defendant is awarded one half the pension plan that the plaintiff is entitled to receive from the State of Connecticut. Counsel for the plaintiff is to prepare the necessary documents to arrange for this transfer and it is to be completed by May 28, 1999.
 17. The defendant is awarded one half of whatever shares of stock the plaintiff still owns in US Air. Said transfers to be completed by May 28, 1999.
E. Miscellaneous Orders:
1. Counsel for the plaintiff is to prepare the judgment file CT Page 4421 within 30 days instead of the counsel for the defendant for signature and filing
 2. The parties are to exchange copies of their federal and state income tax returns within 30 days after such returns have been filed for so long as there is an outstanding alimony order or any arrearage thereto.
 3. The plaintiff is to arrange by May 28, 1999 to terminate the agreement that he has with Mass. Mutual and Fidelity IRA regarding weekly payments from such accounts.
Sidney Axelrod Judge of the Superior Court